## Deckert *against* Filbert.

After a dissolution of partnership, one of the firm has not power to make a voluntary assignment of the effects of the partnership, for the benefit of creditors, against the express consent of his copartner.

ERROR to the Common Pleas of *Berks* county.

Elijah Deckert, Esq. against Peter Filbert and Anthony Bickle. This was an action of trover, brought to recover the value of a stock of goods, which had been the property of the firm of Bickle & Sticker.

On the 30th of January 1839, William Bickle, one of the firm, under his hand and seal, made a voluntary assignment of all the goods and effects of the partnership to Peter Filbert and Anthony Bickle, the defendants, and delivered the same to them, in trust for the benefit of the creditors of the firm, of whom certain ones were preferred. This deed was regularly recorded and bond given by the assignees, and an inventory and appraisement made amounting to $14,434.

On the 11th February 1839, Frederick Sticker, in the name of Bickle & Sticker, made a voluntary assignment of the same property to Elijah Deckert, Esq., the plaintiff, in trust for the benefit of all the creditors of the firm without preference. This deed was also regularly recorded, bond given by the assignee, and an inventory and appraisement of the goods and effects filed, which, it appeared, was not made actually, but by copying the same from the former one filed by the first assignee. On the 2d of February 1839, Frederick Sticker published a dissolution of the partnership.

The question of property presented by the issue depended upon the validity of these assignments. The court below, (Banks, President), was of opinion that the facts exhibited by the evidence proved the express dissent of each partner to the assignment made by the other, and, therefore, neither had any validity. The plaintiff took nothing by his action.

*Deckert* and *Strong*, for plaintiff in error, argued, that even after the dissolution of a partnership, it is competent for either partner to make any disposition of the partnership effects for the payment of debts. In pursuance of this principle, the firm, by Frederick Sticker, appropriated the property by assigning it for the benefit of all the creditors of the firm; and the only question is, was there any valid disposition of the property before that time? Clearly that made by William Bickle was invalid. An individual member of a firm cannot appropriate the partnership effects in his own

[Deckert v. Filbert.]

name, as was done here under his hand and seal. If, then, this assignment was void, and that made by the firm, and in the firm's name, and for the payment of all the firm's debts equally is good, the plaintiff below should recover. 1 *Swanst.* 506; 6 *Cowen* 441; *Gow* 253; 19 *Johns.* 143; 4 *Car. & P.* 108.

*Darling, contra.* After the dissolution of a partnership, which was clearly proved here, one member of a firm cannot control or assign the effects without the consent of the other. *Col. on Part.* 314, 317, 321; 1 *Dessau.* 537; 4 *M'Cord* 519; 4 *Wash. C. C.* 232; 4 *Day* 428; 5 *Cranch* 300; 3 *Paige* 526; 2 *Watts & Serg.* 172.

The opinion of the Court was delivered by

KENNEDY, J.—The first and second errors assigned are bills of exception to the admission of evidence by the court. There is nothing in either of them; for the evidence mentioned in both would seem to have some relation and pertinency to the issue. The deed mentioned in the first bill, and offered in evidence by the defendants, contained a transfer of the goods to the defendants, for the conversion of which this action is brought. This transfer was made by William Bickle, a joint owner in partnership of the goods in question with Frederick Sticker, from the latter of whom the plaintiff, by a deed of assignment, had shown that he claimed the same goods. Now, seeing the defendants had made full proof of the execution of the deed, and that it appeared to have been made anterior to the deed under which the plaintiff claimed, there does not appear to have been even the shadow of an objection which it became him to make to its being read in evidence; for if the plaintiff's deed can be considered as available, the defendant's, being prior in time, ought to be considered equally, if not more so. It was sufficient, however, that it related to the title of the goods, in order to render it admissible in evidence, leaving the effect of it to be determined afterwards.

As to the evidence mentioned in the second bill of exceptions, it was offered for the purpose of showing that the goods were not seen, nor present, when appraised under the plaintiff's assignment, and, indeed, could not be, for the reason that the defendants had taken possession of them previously, under their deed of assignment, made to them by Bickle. Now as the plaintiff had introduced the appraisement made in pursuance of his assignment, and given evidence of it, it was certainly competent for the defendant to give evidence showing how it was made, and in a way that was not perhaps strictly regular.

The only remaining error is an exception to the charge delivered by the court to the jury. The exception is to that portion of it in which the court told the jury " there should be proof to satisfy them that Bickle assented to the assignment made by Sticker to the plaintiff, or it would not bind Bickle, or enable the plaintiff to

recover the partnership goods from the defendants, into whose hands Bickle had placed them." The objection to the charge, in this respect, is, that the court ought to have left it to the jury to presume the assent of Bickle to the assignment made of the goods by Sticker to the plaintiff, and not have told the jury, as it did, " there should be proof to satisfy them that Bickle assented." Now, under all the circumstances and facts given in evidence, none of which were controverted, it would have been error in the court to have charged the jury that they might presume the assent of Bickle to the assignment made of the goods by Sticker to the plaintiff. Such presumption was repelled by the disposition which Bickle had made of the goods to the defendants, only a few days before; a fact that was proved beyond all question, and, indeed, was not attempted to be gainsaid by the plaintiff. The clear inference, therefore, was, that the assent of Bickle was not only wanting, but that he was directly opposed to the assignment made of the goods by Sticker to the plaintiff. We therefore think there is no error in that part of the charge of the court excepted to.

Judgment affirmed.